# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cv-60268-BLOOM

HADASSA ZARFATY,

     Plaintiff,

v.

GARDEN FRESH RESTAURANT CORP.,
*doing business as* Sweet Tomatoes,

     Defendant.

_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE
### (ECF NOS. [72], [73], [75], [76], [77], [78])

**THIS CAUSE** is before the Court upon the Motion in Limine filed by Plaintiff, ECF No. [72] ("Plaintiff's Motion"), and multiple Motions in Limine filed by Defendant, ECF Nos. [73], [75], [76], [77], [78] (collectively, "Defendant's Motions"). The Court has carefully reviewed Plaintiff's Motion, Defendant's Motions, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied. Defendant's Motions are granted in part and denied in part.

## I.     BACKGROUND

The Court assumes the parties' familiarity with the facts of the case. In Plaintiff's Motion, Plaintiff moves to preclude Defendant from introducing evidence of its lack of notice of falls occurring on water in its beverage area. In Defendant's Motions, Defendant seeks bifurcation of the issues of gross negligence and punitive damages from the negligence and compensatory damages determinations, and seeks to preclude Plaintiff from introducing evidence of subsequent

claims, claims history at other restaurant locations, information about Defendant's loss reserves, and evidence of insurance.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

Through this lens, the Court considers Plaintiff's Motion and Defendant's Motions.

## III.   DISCUSSION

### A.  Plaintiff's Motion (ECF No. [72])

Plaintiff argues that Defendant should be precluded from introducing any evidence with respect to Defendant's lack of notice. This is based upon an inconsistency in the testimony of Defendant's corporate representative, Tony Berard, with respect to testimony given by Defendant's Plantation manager Stacie Marcus in another slip and fall case against Defendant. Plaintiff argues that the inconsistency belies the position that Defendant lacked actual or constructive notice of water on its beverage area tile floor, and that Defendant has abused the judicial process by presenting manufactured fraudulent testimony. As such, Plaintiff contends that any such evidence should be excluded under Rule 403 of the Federal Rules of Evidence. Defendant vehemently disputes Plaintiff's contention and characterization of the inconsistency and Mr. Berard's testimony. Upon review, the Court determines that there is no basis under Rule 403 to exclude evidence of lack of notice based upon the alleged inconsistency, and Plaintiff is free to cross-examine Mr. Berard at trial to explore any alleged inconsistency. Accordingly, Plaintiff's Motion is denied.

### B.  Defendant's Motions

#### i.   Bifurcation of gross negligence and punitive damages (ECF No. [73])

Defendant argues that the Court should allow separate trials on the issues of negligence and gross negligence/punitive damages in this case in order to prevent juror confusion with respect to the different standards of liability applicable to negligence and gross negligence. Moreover, Defendant argues that bifurcation is necessary to prevent highly prejudicial evidence relevant only to the issue of punitive damages from being presented to the jury when they are determining negligence liability. In response, Plaintiff contends that bifurcation is improper because the

evidence and witnesses for both the negligence and gross negligence claims are the same, and the causation and compensatory damages issues are the same. However, Plaintiff recognizes that there is a basis under Florida law, in accordance with *W.R. Grace & Co. v. Waters*, 638 So. 2d 502 (Fla. 1994), to separate the determination of liability and compensatory damages from the determination of punitive damages.

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." Rule 42(b) "confers broad discretion on the district court" to permit bifurcation when it furthers convenience. *Harrington v. Cleburne Cty. Bd. of Educ.,* 251 F.3d 935, 938 (11th Cir. 2001). Ultimately, "[w]hether to bifurcate a trial is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Brown v. Toscano,* 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008). Here, although Defendant argues that the jury may be confused with respect to the different standards of liability applicable, the Court does not agree. Any potential confusion may be addressed through appropriate jury instructions. *See Hager v. Live Nation Motor Sports, Inc.*, 665 F. Supp. 2d 1290, 1294 (S.D. Fla. 2009) ("[T]he question of whether conduct amounts to gross negligence is a question that should be left to the jury."). Thus, Defendant's Motion with respect to bifurcation of the issues of negligence and gross negligence are denied.

Nevertheless, the Court determines that to the extent Defendant is seeking bifurcation of the issue of punitive damages, the Motion is granted. Evidence of the valuation of Defendant is not relevant to Defendant's liability for negligence or gross negligence, and Defendant may be prejudiced by the introduction of evidence with respect to punitive damages before the determination of liability is made. Accordingly, pursuant to *W.R. Grace*, if the jury determines that

punitive damages are warranted, the jury will then remain empaneled in order to consider evidence relevant to the amount of punitive damages for which Defendant may be liable. 638 So. 2d at 506; *see also Horrillo v. Cook Inc.*, No. 08-60931-CV, 2014 WL 2712341, at *1 (S.D. Fla. Apr. 29, 2014) (following procedure set forth in *W.R. Grace*).

### ii.    Evidence of subsequent claims (ECF No. [75])

Defendant argues that evidence concerning any slip and fall accidents occurring after Plaintiff's injury should be excluded because they are not relevant. Plaintiff argues that the evidence is relevant because it tends to show the feasibility of precautionary measures, concerns causation, and for impeachment.

Much like subsequent remedial measures, which are excluded under Rule 407 of the Federal Rules of Evidence to prove negligence, culpable conduct, or a need for a warning, any evidence of slip and fall accidents occurring after Plaintiff's injury is simply not relevant to the elements of Plaintiff's claim—especially not causation. Plaintiff nevertheless contends that the subsequent falls should not be excluded because of the doctrine of "substantially similar" incidents. However, as the cases Plaintiff relies upon demonstrate, the concept of substantially similar incidents applies to prior accidents or occurrences, not subsequent accidents. Accordingly, Defendant's Motion is granted.

### iii.    Claims history at other restaurants (ECF No. [76])

Defendant seeks to preclude claim history information for several of Defendant's other restaurant locations on the basis that it is not relevant and that any probative value is outweighed by the confusion and prejudice likely to be caused. Plaintiff contends that the claims history at other restaurant locations is relevant to show the effectiveness of slip-resistant mats in beverage areas of Defendant's other locations as well as to rebut claims that the mats were a trip hazard. The

Court agrees with Defendant that evidence pertaining to claims at other restaurants is irrelevant, and the lack of probative value of any such evidence is substantially outweighed by the danger of unfair prejudice. Thus, Defendant's Motion is granted.

### iv. Loss reserve information (ECF No. [77])

Defendant produced audited financial statements containing information on aggregate reserves allocated for payment of pending claims, which Defendant argues should be excluded because it is not relevant or admissible to any issue in the case, or with respect to Defendant's financial ability to pay a claim for punitive damages. Defendant also argues that reserves for claim payment comprise attorney work product or attorney client privilege. Plaintiff contends that cash on hand is relevant and not privileged, and the information on loss reserves will support Plaintiff's punitive damages claim. Upon review, the Court agrees that the aggregate loss reserve information is relevant to the punitive damages claim. Thus, Defendant's Motion is denied.

### v. Evidence of insurance (ECF No. [78])

Defendant seeks to preclude the introduction of any evidence with respect to the existence of liability insurance as inadmissible under Rule 411 of the Federal Rules of Evidence. Plaintiff does not contest the inadmissibility of liability insurance regarding compensatory damages. However, Plaintiff argues that the same inadmissibility does not apply to self-insurance, or to the extent that any insurance is available to pay punitive damages.

While Plaintiff may refer to the Defendant's financial records as evidence that funds are available to pay for any punitive damage recovery, Plaintiff may not introduce evidence of liability insurance as it is clearly inadmissible. As such, the Defendant's Motion is granted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion, **ECF No. [72]**, is **DENIED**. Defendant's Motion, **ECF No. [73]**, is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order, Defendant's Motions, **ECF Nos. [75]**, **[76]**, and **[78]**, are **GRANTED**, and Defendant's Motion, **ECF No. [77]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 31, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record